

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2011 JUL 19 A 10: 59

AT BALTIMORE

BY _____ DEPUTY

| | | |
|---|---|---|
| *Rod J. Rosenstein* | *36 South Charles Street* | *DIRECT: 410-209-4860* |
| *United States Attorney* | *Fourth Floor* | *MAIN: 410-209-4800* |
| | *Baltimore, Maryland 21201* | *FAX: 410-962-0716* |
| *James G. Warwick* | | *TTY/TDD: 410-962-4462* |
| *Assistant United States Attorney* | | |
| | *James.warwick@usdoj.gov* | |

July 8, 2011

Christopher C. Nieto, Esquire
Assistant Federal Public Defender
Tower II, Suite 900
100 South Charles Street
Baltimore, Maryland 21201

      Re:    United States v. Kenneth Norris, Criminal No. L 11-0325

Dear Mr. Nieto:

      This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by July 18, 2011, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

      1.    The Defendant agrees to plead guilty pursuant to Fed. R. Crim. P. 11(c)(1)(C) to Count One of the Criminal Indictment charging him with Sexually Exploiting a Minor for the Purpose of Producing Visual Depictions of a Minor Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2251(a). The Defendant admits that he is, in fact, guilty of this offense and will so advise the Court.

### Elements of the Offense

      2.    The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

Revised 11/5/09

That on or about the date specified in Count One of the Indictment, in the District of Maryland, the Defendant:

        a.      Knowingly employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct;

        b.      For the purpose of producing a visual depiction of such conduct;

        c.      And the Defendant had reason to know that the materials used to produce the visual depictions were transported in interstate and foreign commerce.

3.     <u>Penalties</u>

        a.      The sentence provided by statute for each of the offenses to which your client is pleading guilty is as follows: **not less than fifteen (15) years and not more than thirty (30) years imprisonment**, a $250,000 fine, and supervised release for 5 years to life. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

        b.      The defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

<u>Waiver of Rights</u>

4.     The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

        a.      If the Defendant had persisted in his plea of not guilty, he would have

---

[1]     Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

2

had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

    b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

    c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

    d. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

    e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

    g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

    h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate

proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

### Advisory Sentencing Guidelines Apply

5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

A. PRODUCTION–VICTIM ONE

(i) The base offense level is thirty-two (32) pursuant to U.S.S.G. §2G2.1(a).

(ii) Pursuant to U.S.S.G. §2G2.1(b)(1), there is a four (4) level increase because the victims in this case were under the age of 12 at the time of the offense.

(iii) Pursuant to U.S.S.G. §2G2.1(5), there is a two (2) level increase because the minor was in the custody, care or supervisory control of the defendant.

**The offense level, therefore, is thirty-eight (38).**

B. PRODUCTION–VICTIM TWO

(i) The base offense level is thirty-two (32) pursuant to U.S.S.G. §2G2.1(a).

(ii) Pursuant to U.S.S.G. §2G2.1(b)(1), there is a four (4) level increase because the victims in this case were under the age of 12 at the time of the offense.

(iii) Pursuant to U.S.S.G. §2G2.1(5), there is a two (2) level increase because the minor was in the custody, care or supervisory control of the defendant.

(iv)     **The offense level, therefore, is thirty-eight (38).**

D.     <u>COMBINED OFFENSE LEVEL</u>

Pursuant to U.S.S.G. §§1B1.2 and 3D1.4, the above-referenced groups do not group. The guidelines count as one unit the group with the highest offense level and count as one additional unit each group that is equally serious or from 1 to 4 levels less serious. Since the U.S.S.G. for Possession/Relevant Conduct are nine (9) levels less serious, it is disregarded. U.S.S.G. §3D1.4(c). Thus, the highest offense level (38) is increased by two (2) offense levels.

**The offense level, therefore, is forty (40).**

7.     This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

**The final base offense level, therefore, is thirty-seven (37).**

8.     The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

9.     This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, there should be a no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

<u>Obligations of the United States Attorney's Office</u>

10.     The parties stipulate and agree that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), **a sentence of 180 months imprisonment in the custody of the Bureau of Prisons and lifetime supervised release is the appropriate disposition of this case.** This agreement does not affect the Court's discretion to impose any lawful fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement,

5

*either* party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea agreement pursuant to the provisions of Federal Rule of Criminal Procedure 11(d)(2)(A). At the time of sentencing, the United States Attorney's Office will recommend a sentence of 180 months, a lifetime period of supervised release, and will move to dismiss the remaining counts of the Indictment pending against the Defendant.

11. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the count of the Indictment that this Office has agreed to dismiss at sentencing.

### Waiver of Appeal

12. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

    a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

    b. The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

    c. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

    d. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Obstruction or Other Violations of Law

13. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. §3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this

agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

14. The Defendant expressly understands that the Court is not a party to this agreement. The Defendant understands that the Court is under no obligation to accept this plea offer made pursuant to Rule 11(c)(1)(C). The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Forfeiture

15. The defendant agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from his residence on September 23, 2010. He further agrees to take whatever steps are necessary to pass clear title to those properties to the United States.

## Entire Agreement

16. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
James G. Warwick
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

7/12/11
Date

_____
Kenneth Norris

I am Kenneth Norris's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

7/12/11
Date

_____
Christopher C. Nieto, Esquire

## ATTACHMENT A-STATEMENT OF FACTS

The undersigned parties hereby stipulate and agree that if this case had proceeded to trial the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.

Kenneth Norris, age 52, is a resident of Clear Spring, Maryland.

On or about September 23, 2010, Agents of the Federal Bureau of Investigation executed a search and seizure warrant at Mr. Norris's residence. The search warrant was based, in part, on allegations of child pornography being downloaded from file sharing web sites identified by law enforcement authorities in Spain. Numerous computers, hard drives and memory storage devices were seized for analysis.

Forensic analysis of a CD titled 'T & K' revealed images that depicted two minor females under the age of twelve engaged in sexually explicit conduct. There are a series of videos and still photos extracted from the videos focused on the genitals of the minor females, who were engaged in various gymnastic exercises at the behest of Mr. Norris. The minor females were without underwear and their genitalia were visible as they performed as directed by Mr. Norris. These minor females were in the custody, care and under the supervisory control of the defendant when the images were produced. The images were taken in Maryland, and the video camera used to take the image was manufactured outside of Maryland. The Defendant transferred these images to the CD, which was also manufactured outside the state of Maryland. Both the camera and the CD had been shipped and transported in and affecting commerce.